

FILED

MAR 0 8 2012

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                         DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cr. No. 11-2798GT |
| Plaintiff, | |
| v. | ORDER |
| CARLOS OLVERO-HERNANDEZ,, | |
| Defendant. | |

On March 5, 2012, Defendant, Carlos Olvero-Hernandez ("Mr. Olvero") filed an unopposed Motion to Withdraw his Guilty Plea ("Motion"). The Court has fully considered this matter, including the brief filed and the argument presented. For the reasons stated below, Mr. Olvero's Motion is **DENIED**.

Under Federal Rules of Criminal Procedure 11(d)(2)(B), a defendant may withdraw his guilty plea prior to imposition of his sentence if he "can show a fair and just reason for requesting the withdrawal." The Ninth Circuit has stated that "[f]air and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that **did not exist when the defendant entered his plea**." United States v Davis, 428 F.3d 802, 805 (9th Cir. 2005) (emphasis added). The "fair and just"

standard is generous and must be liberally applied. United States v. McTiernan, 546 F.3d 1160, 1167 (9th Cir. 2008).

In this case, Mr. Olvero does not present any newly discovered evidence, intervening circumstances or reason that did not exist at the time he pled guilty as a reason to withdraw his guilty plea. He merely states that at the time of his sentencing "the parties did not have complete information with respect to [his] criminal history. However, the written plea agreement specifically addresses this issue. In a footnote on page 2, the parties specifically agree that if additional information is discovered concerning Mr. Olvero's criminal history, the government may recommend a sentence based upon this information. Also, paragraph 7 states there is not agreement as to the defendant's criminal history. Hence, it is clear that the parties were aware at the time Mr. Olvero pled guilty that there was not complete information regarding his criminal history and that the government may make a different sentencing recommendation based upon newly discovered information concerning his criminal history. In short, Mr. Olvero specifically agreed that his criminal history was not definitively known and that there may be changes to his criminal history score and/or category. Accordingly,

**IT IS ORDERED** that Mr. Olvero's Motion to Withdraw his Guilty Plea is **DENIED**.

**IT IS SO ORDERED.**

3-8-12
date

GORDON THOMPSON, JR.
United States District Judge

cc: All counsel and parties without counsel